UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAZARO XIQUE CUATLE,    )<br>         Plaintiff,    )<br>    )<br>    vs.    )<br>    )<br>OFFICER JOSE TORRES, SGT. KERRY    )<br>BUCKNER, DR. KENT HARSHBARGER, )<br>DEE EYERS, and MICHELE ANESU,    )<br>         Defendants.    ) | 1:09-cv-0820-RYL-TAB |

**ENTRY ON DEFENDANT HARSHBARGER'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Dr. Kent Harshbarger ("Dr. Harshbarger"), moves for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) on Counts II and V of Lazaro Xique Cuatle's ("Plaintiff") Complaint. The court, having read and reviewed the supporting and opposing briefs, the relevant case law, and being otherwise duly advised, now finds the Defendant's motion should be **GRANTED**.

**I.    Judgment on the Pleadings Standard**

Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Motions for judgment on the pleadings are reviewed under the same standard as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *R.J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003). A motion for

judgment on the pleadings will be granted "[o]nly when it appears beyond a reasonable doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved . . . ." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) (citing *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002)).  The court will accept "all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000)(citations omitted).

## II.     Factual Background

About July 2, 2007, Dr. Harshbarger performed the autopsy on Vanesa Galicia ("Vanesa").  (Amended Complaint ¶ 52).  Dr. Harshbarger performed the autopsy negligently and far below professional standards.  (*Id.* ¶¶ 6, 55, 131-138).  In addition, Sergeant Kerry Buckner ("Sgt. Buckner") and Officer Jose Torres ("Officer Torres") supplied Dr. Harshbarger false and misleading information regarding Vanesa's death.  (*Id.* ¶¶ 4, 116).   As a result, Dr. Harshbarger incorrectly ruled that Vanesa's death was a homicide.  (*Id.* ¶¶ 57, 60).  Sgt. Buckner and Officer Torres used Dr. Harshbarger's autopsy, along with other manufactured evidence, to falsely arrest and imprison Plaintiff for the death of Vanesa.  (*Id.* ¶¶ 1-7).

On November 4, 2009, Plaintiff filed an Amended Complaint including numerous counts against several different defendants, including two counts against Dr. Harshbarger.  Count II of the Complaint alleges Dr. Harshbarger's conduct facilitated the false arrest and imprisonment of Plaintiff, in violation of state law.  Count V alleges Dr. Harshbarger

negligently performed Vanesa's autopsy. On February 8, 2010, Dr. Harshbarger filed a Motion for Judgment on the Pleadings.

### III. Discussion

Defendant moves for judgment on the pleadings based on Indiana Code § 36-2-14-13. Indiana Code § 36-2-14-13 states that "[a] person who in good faith orders or performs a medical examination or autopsy under statutory authority is immune from civil liability for damages for ordering or performing the examination or autopsy." In other words, bad faith must be alleged for there to be a factual issue. *Stath v. Williams*, 367 N.E.2d 1120, 1124 (Ind. Ct. App. 1977) (wherein a motion on the evidence was granted due to plaintiff's failure to allege bad faith against the coroner and his agents who performed the autopsy in question). Bad faith is "not simply bad judgment or negligence" but requires a "dishonest purpose" and "a state of mind affirmatively operating with furtive design or ill will." *Id.* (quoting *Vickers v. Motte*, 137 S.E.2d 77, 80 (Ga. Ct. App. 1964)); accord *Kruse v. National Bank of Indianapolis*, 815 N.E.2d 137, 148 (Ind. Ct. App. 2004), *Casa D'Angelo, Inc. v. A & R Realty Co.*, 553 N.E.2d 515, 519 (Ind. Ct. App. 1990).

In the instant case, Plaintiff alleges that Sgt. Buckner and Officer Torres acted in bad faith and that Dr. Harshbarger acted negligently, but it does not include any allegations that Dr. Harshbarger acted in bad faith. Therefore, since Plaintiff did not allege Dr. Harshbarger acted in bad faith, there is not a factual issue on Counts II and V. As such, Dr. Harshbarger is entitled to a judgment on the pleadings in his favor.

### IV. Conclusion

For the reasons set forth above, the court **GRANTS** Dr. Harshbarger's Motion for Judgment on the Pleadings (Docket # 57).

**SO ORDERED** this 15th day of June 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

M. Elizabeth Bemis
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
meb@rucklaw.com

Susan E. Cline
LEWIS WAGNER LLP
scline@lewiswagner.com

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Geoffrey C. Lambert
LEWIS WAGNER LLP
glambert@lewiswagner.com

Rafael Ramirez
RAMIREZ LAW OFFICE
ramirezlaw@aol.com

John C. Ruckelshaus
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov