UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAZARO XIQUE CUATLE, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | 1:09-cv-820-RLY-TAB | |
| ) | | |
| OFFICER JOSE TORRES, SGT. KERRY ) | | |
| BUCKNER, DR. KENT HARSHBARGER, ) | | |
| DEE EYERS, and MICHELLE ANESU, ) | | |
|     Defendants. ) | | |

**ENTRY ON DEFENDANTS EYERS AND ANESU'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

This matter stems from the July 3, 2007 arrest of plaintiff, Lazaro Xique Cuatle ("Plaintiff"), on a charge of murder following the death of a two-year-old girl. Plaintiff alleges that, as a result of his unlawful arrest and the ensuing malicious prosecution, he was imprisoned for over a year and deprived of his parental rights, in violation of the Fourth and Fourteenth Amendments and state common law. This matter is now before the court on the motion for judgment on the pleadings brought by defendants, Dee Eyers ("Eyers") and Michelle Anesu ("Anesu") (collectively "Defendants"). For the reasons set forth below, Defendants' motion is **GRANTED**.

**I.      Judgment on the Pleadings Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment "after the pleadings are closed but within such a time as to not delay trial." The court reviews

1

such a motion by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Pisciotta v. Old. Nat'l Bankcorp.*, 499 F.3d 629, 633 (7th Cir. 2007). Thus, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating the complaint, the court accepts the allegations contained within the pleading as true, and it draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wis. Div. of Vocational Rehab.*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). However, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

**II.     Background**

In 2007, Plaintiff was living in an apartment with his girlfriend, Elena CuatlaCuatl ("Elena"), and several members of Elena's family. (Amended Complaint ¶ 23). In June 2007, Elena began babysitting two-year-old Vanesa Cervantes-Galicia ("Vanesa") and Vanesa's younger sister. (*Id.* ¶¶ 24, 26). On July 2, 2007, Vanesa fell and struck her head in the bedroom where Plaintiff was sleeping. (*Id.* ¶¶ 36, 37). Elena took Vanesa to St. Vincent Hospital, where emergency room doctors diagnosed Vanesa with a head injury. (*Id.* ¶ 40, 41). A CT scan revealed that Vanesa had a subdural hematoma, a left parietal skull fracture, and some soft tissue swelling. (*Id.* ¶ 41). Following emergency

surgery to repair a torn bridging vein, Vanesa went into cardiac arrest and was declared dead at 8:37 p.m. on July 2, 2007. (*Id.* ¶ 43, 44). Due to the severe nature of Vanesa's injuries, a hospital social worker called 911 to notify police about a potential child abuse case. (*Id.* ¶ 45).

Following Vanesa's death and autopsy, the police questioned Elena, who was nineteen-years-old and two days away from giving birth to her second child at the time. (*Id.* ¶ 61). After being repeatedly threatened by the police, Elena gave several answers agreeing with the officers that Plaintiff had struck Vanesa prior to her death. (*Id.* ¶ 69). Following Elena's interrogation, the police arrested Plaintiff on July 3, 2007. (*Id.* ¶ 72).

On July 5, 2007, Elena gave birth to her and Plaintiff's son, Luis. (*Id.* ¶ 73). About twelve hours later that same day, Eyers, a field case manager with the Marion County Department of Child Services ("Child Services"), went to the hospital to interview Elena because she had received a report alleging that Plaintiff had battered Vanesa while she was in Elena's care. (*Id.* ¶¶ 74, 75). Police notes show that the police had been in contact with Child Services since their initial investigation began. (*Id.* ¶ 76).

Prior to beginning the interview, Eyers told Elena that she had already taken custody of Luis. (*Id.* ¶ 77). When questioned by Eyers, Elena initially said that Plaintiff struck Vanesa with his open hand; then, she said Plaintiff struck Vanesa repeatedly on her head. (*Id.* ¶ 78). Eyers repeatedly pressed Elena, and each time Elena embellished her account in desperation to have her son returned to her. (*Id.* ¶ 79). She kept increasing the number of times that Plaintiff struck Vanesa, until she finally stated that she saw him hit

3

the child between fifteen and twenty times. (*Id.*). Eyers asked Elena if she had tried to stop the blows, and Elena said no. (*Id.* ¶ 80). Eyers then seized Luis and removed him to the care of the Children's Bureau. (*Id.* ¶ 81). Eyers also informed the police that Elena said that she had seen Plaintiff strike Vanesa on the head fifteen times. (*Id.* ¶ 103).

While Plaintiff was being held in jail and awaiting trial, Eyers and Anesu continued to confer with the police and agreed to help obtain manufactured evidence against Plaintiff. (*Id.* ¶ 102). At one point, Anesu told Elena that she would not get Luis back until she testified against Plaintiff. (*Id.* ¶ 107). Even after the charge against Plaintiff was dismissed, Child Services refused to return Luis to Elena. (*Id.* ¶ 108). Furthermore, at no point since 2007 has Child Services contacted Plaintiff to afford him an opportunity to assert his parental rights. (*Id.* ¶ 111).

## III. Discussion

Plaintiff brings two claims against Defendants, both under the Fourteenth Amendment. In Count III, Plaintiff alleges that Defendants contributed to his malicious prosecution and in Count IV Plaintiff alleges that Defendants denied him due process. Defendants move for judgment on the pleadings as to both claims against them.

### A. Malicious Prosecution

Plaintiff asserts a federal claim of malicious prosecution against Defendants for allegedly obtaining coerced statements from Elena by threatening her with the loss of her son. As a matter of law, Plaintiff cannot prevail on this claim. The Seventh Circuit has held that a malicious prosecution claim brought under federal law cannot stand where

state law provides a remedy.  *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001).  As Indiana law clearly provides a cause of action for malicious prosecution, *see Crosson v. Berry*, 829 N.E.2d 184, 195 (Ind. Ct. App. 2005), Plaintiff's claim for malicious prosecution brought under the Fourteenth Amendment is barred.  Accordingly, Defendants' motion for judgment on the pleadings is **GRANTED** with respect to Count III.

> B. **Denial of Due Process**

In Count IV, Plaintiff asserts that "[i]n seizing Luis on the basis of manufactured evidence and in disregard of [Plaintiff]'s parental rights, Eyers and Anesu deprived [Plaintiff] of due process of law."  (Amended Complaint ¶ 130).  There are two types of due process: procedural and substantive.  In order to state a procedural due process claim, Plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation.  *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008) (citing *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996)).  In order to state a substantive due process claim, Plaintiff must allege either that Defendants' conduct was such that it "shocks the conscience," or that Defendants violated an identified liberty or property interest protected by the Due Process Clause.  *T.E. v. Grindle*, 599 F.3d 583, 589 (7th Cir. 2010) (citations omitted).

Plaintiff fails to specify whether his claim against Defendants is for a violation of procedural due process or substantive due process.  It appears to the court that Plaintiff means to bring a substantive due process claim against Defendants for violating his

protected liberty interest in familial relations. *See Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (holding there is "a fundamental liberty interest of natural parents in the care, custody, and management of their children.") The problem is that Plaintiff alleges that the violation occurred when Defendants seized Luis. (Amended Complaint ¶ 130). The Seventh Circuit has held that a claim regarding the initial seizure of a child must be considered under the Fourth Amendment, not under the rubric of substantive due process. *Brokaw v. Mercer County*, 235 F.3d 1000, 1017-18 (7th Cir. 2000) (citing *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). While it is possible for Plaintiff to bring a substantive due process claim against Defendants for the separation period following that initial seizure, *see id.* at 1118-19, the Amended Complaint does not allege such a claim.

In sum, Plaintiff's due process claim does not comport with federal law and fails to provide Defendants with fair notice of what the claim is and the grounds upon which it rests. Accordingly, Defendants' motion for judgment on the pleadings is **GRANTED** with respect to Count IV.

## IV.   Conclusion

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings (Docket # 79) is **GRANTED**.

**SO ORDERED** this 23rd day of August 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

M. Elizabeth Bemis
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
meb@rucklaw.com

Susan E. Cline
LEWIS WAGNER LLP
scline@lewiswagner.com

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Geoffrey C. Lambert
LEWIS WAGNER LLP
glambert@lewiswagner.com

Rafael Ramirez
RAMIREZ LAW OFFICE
ramirezlaw@aol.com

John C. Ruckelshaus
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov